# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **JABARI BROWN**, Reg. No. K69370,     ) | |
| ) | |
| Petitioner,    ) | |
| ) | |
| v.     ) | Case No. 16 C 11653 |
| ) | |
| **JASON C. GARNETT**, Warden,    ) | |
| Big Muddy River Corr. Ctr.,    ) | |
| ) | |
| Respondent.    ) | |

## <u>MEMORANDUM ORDER</u>

Last week pro se plaintiff Jabari Brown ("Brown") filed a 28 U.S.C. § 2254 ("Section 2254") Petition for Writ of Habeas Corpus (the "Petition") that has been assigned at random to this Court's calendar. Brown has accompanied the Petition with two Clerk's-Office-prepared forms: an In Forma Pauperis Application ("Application") and a Motion for Attorney Representation ("Motion"). This memorandum order reflects the results of this Court's preliminary review of Brown's submissions, as called for Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules").

As for the Application, Brown is obviously unaware that the filing fee for a Section 2254 Petition is the extremely modest sum of $5, a charge that he is clearly capable of handling (indeed, the Certificate from Big Muddy River Correctional Center, where he is in custody, reported $632 in his trust fund account there as of December 22). Hence the Application (Dkt. No. 3) is denied, and Brown is ordered to pay the $5 fee forthwith.

As to the Motion, Brown has failed to fill in the most important paragraph in that document: its paragraph 2, which calls for him to identify his efforts to obtain counsel on his

own -- a requirement that our Court of Appeals' jurisprudence has made a precondition to considering such a motion favorably. But more importantly as a substantive matter, Brown's 35-page Petition is a thorough and articulately presented document[1] reflecting familiarity with both substantive case law and the intricate minutiae of the timing requirements of 28 U.S.C. § 2244. Because the Petition clearly calls for a response, this Court orders the Illinois Attorney General's Office to file that response on or before February 20, 2017 (once again see Section 2254 Rule 4).[2]

In the meantime there is no need for Brown to be assisted by counsel at this time, so that the Motion (Dkt. No. 4) is denied without prejudice. This Court anticipates taking a fresh look at that matter after it has had an opportunity to review the responsive pleading, by then considering (1) whether a reply should be ordered (see Section 2254 Rule 5(e)) or (2) whether Brown may need the assistance of legal counsel if the responsive pleading is a legal motion.

_____

Milton I. Shadur
Senior United States District Judge

Date: January 10, 2017

_____

[1] Brown's Motion ¶ 5 states that he is a college graduate.

[2] Brown has failed to submit a courtesy copy of his entire submission, including its bulky exhibits, for delivery to this Court's chambers. This Court will accordingly look to the litigants to provide it with a paper copy of all exhibits to facilitate its review of the case.